**Novita Primasari Sis LIA, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

Nos. 05–0016–ag, 05–1189–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney for the District of Puerto Rico, Nelson Pérez–Sosa, Mariana E. Bauzá–Almonte, Assistant United States Attorneys, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United

States Courthouse, Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Novita Primasari Sis Lia, through counsel, petitions for review of the December 2004 BIA decision affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the February 2005 BIA decision denying her motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although petitioner filed timely petitions for review from both the BIA's affirmance of the IJ's decision and its denial of her motion to reopen, which were later consolidated, she challenges only the latter BIA decision in her brief to this Court. The BIA's affirmance and its denial of the motion are separate and raise distinct legal issues. *See Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir.2004). Because petitioner did not address the underlying denial of asylum in her brief, either directly or indirectly, she has waived any challenge to the merits of that decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

The BIA did not abuse its discretion in denying petitioner's motion to reopen, because it conducted a detailed analysis of the evidence she submitted and reasonably determined that she failed to establish materially changed conditions in Indonesia. *See id.* The IJ was on notice of a recurring trend of Muslim–Christian violence in Indonesia at petitioner's January 2004 hearing. The 2000 and 2002 State Department reports were in evidence, as were numerous articles describing the government's human rights record, an "ongoing" conflict between Muslims and Christians, and continuing attacks on churches. While the September 2004 International Religious Freedom report emphasizes different details and indicates increased violence in some regions of Indonesia, the BIA reasonably read this report as describing the continuation of an existing trend. Finally, the reports indicated that the rise of Islamic fundamentalism in Indonesia was not a new trend, and was directed against the more secular population generally rather than against Christians specifically. While multiple conclusions might be drawn from the reports, the BIA indicated that it gave them detailed consideration, and its conclusion that petitioner failed to demonstrate a material change in conditions for Christians in Indonesia between January 2004 and January 2005 did not constitute an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).